**Alexander Li BUIRST, Petitioner—Appellant,**

v.

**James GOMEZ, Director CDC; Attorney General of the State of California, Respondents—Appellees.**

No. 03–16060.
D.C. No. CV–99–20963–RMW/PR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 10, 2004.

Decided May 24, 2004.

Eric S. Multhaup, Esq., Mill Valley, CA, for Petitioner–Appellant.

Peggy S. Ruffra, Esq., Raymond A. Cardozo, San Francisco, CA, for Respondents–Appellees.

Before HUG, ALARCÓN, and W. FLETCHER, Circuit Judges.

### MEMORANDUM *

Habeas petitioner Alexander Li Buirst was convicted in California state court of several counts arising out of his sexual assault of Michael S., then a sixteen year old boy, at a state park campground. The government presented some physical evidence, but the heart of the government's case was Michael S.'s testimony. Trial counsel, however, did not extensively investigate Michael S.'s life for a motive to accuse Buirst falsely or for other impeachment evidence. Following Buirst's conviction, habeas counsel diligently investigated Michael S.'s juvenile court records and employment history and found potential impeachment evidence, including statements by several people close to Michael S. that he was a habitual liar. He also learned that Michael S. was in trouble with his family, employer, and the law at the time of the incident.

Buirst appeals the district court's denial of his habeas petition based on ineffective assistance of counsel. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Because the state court has already denied him relief on this ground, we may only grant the writ if we find that the state court's ruling on both prongs of *Strickland*—deficient performance and prejudice—was objectively unreasonable. Even assuming that the state court unreasonably found Buirst's trial counsel's performance to be constitutionally competent, Buirst has failed to show that the state court was unreasonable in finding that, had his trial counsel properly investigated Michael S.'s background, "there is [no] reasonable probability that ... the result of the [trial] would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052.

We agree with Buirst that the evidence obtained by habeas counsel would have had a significant impact on a reasonable jury's opinion of Michael S.'s credibility. Still, to persuade a jury that Michael S. had fabricated the story of the sexual assault, Buirst needed to show that Michael S. had a substantial motive to accuse him falsely. Buirst's theory on why Michael S. made up the story is that he was trying to deflect attention away from his own misbehavior by portraying himself as a victim to his parents. However, the undisputed evidence at trial was that Michael S. did not want to tell his parents about the assault, and only told them after being ordered to do so by a park ranger. We therefore conclude that the state court was not unreasonable in concluding that there was no reasonable probability that the jury's verdict would have been different, even if it had been made aware of Michael S.'s lies

in other parts of his life and even if this motive to accuse Buirst falsely had been argued to the jury.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.